MARY ULICSNIK, UNION CEMETERY ASSOCIATION et al., complainants-appellants,

*v.*

CHARLES E. DALRYMPLE, ELLEN MINCHIN, MARY E. RILEY, MARGARET MCLAUGHLIN, defendants-respondents; CLARA SIEDER et al., defendants-appellants.

[Argued May 20th, 1931. Decided October 19th, 1931.]

*Mr. Otto A. Stiefel,* for the complainants-appellants.

*Mr. Arthur T. Vanderbilt,* for the defendants-respondents Ellen Minchin and Mary E. Riley.

PER CURIAM.

The main facts of this case were fully stated in the opinion by Vice-Chancellor Church (*102 N. J. Eq. 136*), rendered

on the occasion of an interlocutory decree. There was an appeal from that decree, followed by an affirmance by this court on the opinion below. *103 N. J. Eq. 407*. After the determination of the interlocutory proceedings the chancery receiver functioned and made a report showing a balance on hand of $17,956.17 in cash realized from the $10,000 Stuyvesant Development Company dividend, the sale of the stamp collection placed with the Fidelity Union Trust Company, the sale of certain bonds, and from interest and real estate rentals; and also the possession, by the receiver, of certificates for ten shares of the capital stock of Stuyvesant Development Company, a $35,000 promissory note executed by Otto G. Horster, two $1,000 promissory notes signed by George T. Vickers upon which action at law for recovery had been instituted, and the real estate property which had been conveyed by Otto G. Horster and Helen C. Horster, his wife, as tenants by the entirety, to George T. Rockwell, Karl Kniep and Mary Ulicsnik, trustees, by a deed which, as to Otto G. Horster's interest, the interlocutory decree set aside as fraudulent. The language used in the fourth paragraph of the receiver's report may be construed as a declaration that the interlocutory decree had set aside the entire conveyance of the real estate, including Mrs. Horster's interest. So construed, the report is in error. The report, after recommending payment in the first instance of certain fees and allowances, gave priority to the judgment claim of Ellen Minchin, the moving creditor in the attachment suit, second place to the judgment claims of Margaret McLaughlin and Mary E. Riley, the applying creditors in the attachment suit, and third place, with *pro rata* division among themselves, to all other claimants. For the reason presently to be stated the priorities thus given the attachment creditors are too broad. The decree, reciting these recommendations in somewhat variant language, directed that "the aforesaid receiver's report be and the same hereby is in all things ratified and confirmed," and proceeded to give specific directions to that end.

Mary Ulicsnik and fifteen other parties appeal from that decree, setting up twenty reasons on their brief. Most of

the questions thus presented have been disposed of in our earlier finding and we shall not again refer to them. A few matters require mention.

The conveyance by Helen C. Horster, as one of the tenants by the entirety, of her interest in the real estate was saved to the complainants by the interlocutory decree in the following language: "Any interest complainants may have acquired by said conveyance from Mrs. Horster is reserved to them." As we have affirmed the interlocutory decree, we have, of course, affirmed that finding. The language of the final decree should make this clear.

The respective claims of Ellen Minchin, Margaret McLaughlin and Mary E. Riley had been reduced to judgments in an action begun and prosecuted under writ of attachment on real and personal property. The judgments are not general. The bonds, the certificates of capital stock and the promissory notes do not appear by the record to have been under levy in the attachment proceedings. Therefore the creditors who prosecuted their claims by attachment to judgment are not entitled to any priority in the proceeds from these assets. Inasmuch as the decree fixes the priorities of the several claimants not only as to funds now in hand but also as to those that may hereafter come in, it is important that this distinction be noted in the decree.

As thus modified, the decree below will be affirmed, with costs, however, to the appellants.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, HETFIELD, DEAR, WELLS, JJ. 13.

*For reversal*—None.