UNION CEMETERY ASSOCIATION, complainant-appellant, and MARY ULICSNIK, KARL RIESTER and BERTHAN RIESTER, his wife, complainants-respondents,

*v.*

CLARA SIEDER, MARTHA SHAW, MINNA DOVER, REINHOLD KNIEP, LOUIS KNIEP, ANNA KRAEMER, KARL KNIEP, LUDWIG LAUERHAUS, LOUIS KEMPF, JOHN GRABACH, MARGARET MCLAUGHLIN, VERONICA MCGARRY, as executrix of Ellen Minchin, deceased, and GEORGE A. REILLY, as substituted administrator *cum testamento annexo* of the estate of Mary E. Reilly, deceased, defendants-respondents.

[Submitted February term, 1939. Decided April 21st, 1939.]

*Mr. Otto A. Stieffel,* for the appellant.

*Mr. Arthur T. Vanderbilt (Mr. Frederick W. Hall,* of counsel), for the respondents.

PER CURIAM.

On January 7th, 1927, a bill in chancery was filed to determine the conflicting claims of the creditors of one Otto G. Horster to certain of his assets.

We have heretofore, on two occasions, passed upon decrees entered in this cause. See *102 N. J. Eq. 136; 140 Atl. Rep. 19; affirmed, 103 N. J. Eq. 407; 143 Atl. Rep. 920; 109 N. J. Eq. 123; 156 Atl. Rep. 664.*

Thereafter, on April 5th, 1938, the receiver filed a comprehensive report. While it is adverse to appellant's contentions, it is nevertheless in accordance with our adjudications. Exceptions were filed to that report. Vice-Chancellor Fielder carefully analyzed the exceptions, and concluded that they were without merit. Accordingly, he advised an order, under date of October 31st, 1938, confirming the receiver's report and overruling the exceptions filed thereto. The Union Cemetery Association alone appeals from that order.

We have carefully examined the record, the arguments of counsel, and the conclusions of the learned vice-chancellor, and we are entirely satisfied that his conclusions as to the facts and his application of the law thereto are correct.

The order under review is affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 14.

*For reversal*—None.